UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>DUNDRAY MONTERRIST CALHOUN,<br><br>     Defendant. | CASE NO. CR12-5203-BHS<br><br>ORDER |

THIS MATTER comes before the Court on defendant Dundray Calhoun's motion to terminate his home detention condition of supervised release on August 22, 2025.

In 2013, this Court sentenced Calhoun to 132 months of custody followed by four years of supervised release for felon in possession of a firearm and possession of a firearm in furtherance of drug trafficking. Dkt. 51. Calhoun began supervised release in November 2021.

Earlier this year, in April 2025, Calhoun violated the conditions of his supervision by committing the crimes of driving with no ignition interlock device and driving with a suspended license in the third degree. Dkt. 125. On May 13, 2025, the Court imposed 60 days of custody followed by twelve months of supervised release. *Id.* One of the special conditions of his supervision is 60 days of home detention.

1    Calhoun served three days in Pierce County Jail for driving related infractions

2  after he was released from federal custody. Dkt. 131. Probation removed his location

3  monitoring equipment while he was in jail, reinstalled it when he was released, and reset

4  the end date for his home detention for three days later, changing it from August 22,

5  2025, to August 25, 2025. Dkt. 133.

6    Calhoun asks to end his home detention three days early, on August 22, based on

7  the three days he was in Pierce County Jail. Dkt. 131. He asserts he has "struggled with

8  navigating home detention." *Id.* at 2. Until Probation recalculated the end date of his

9  home detention, he believed that condition would end on August 22, which is his son's

10  birthday. He asserts it has been "jarring and confusing" to have the end date changed,

11  particularly as he grieves his mother's death. *Id.* at 2. He cites to 18 U.S.C. § 3624(e) to

12  argue that "jail sentences on state cases less than 30 days should not toll the supervised

13  release calculation." *Id.* at 3.

14    The Government opposes the request. Dkt. 133. It argues Calhoun should not get

15  the benefit of his three days in jail, which was imposed by the state court for violations of

16  his state probation, not related to his federal supervised release. It asserts Calhoun may

17  submit a pass request to the Location Monitoring Specialist so that he can spend time

18  with his family on his son's birthday. *Id.* at 3.

19    Probation similarly opposes Calhoun's request. Dkt. 136. It argues moving the end

20  date to August 25, 2025 simply effectuates "what the Court ordered," 60 days of home

21  detention. *Id.* at 1. It also maintains Calhoun may "submit a pass with the proposed date,

22

1  time, and location" to the Location Monitoring Specialist to attend his son's birthday

2  celebrations. *Id.*

3         The Court agrees with the Government and Probation. 18 U.S.C. § 3624(e) does

4  not pertain to the calculation of conditions of supervision. Calhoun's three days in Pierce

5  County Jail do not afford him any fewer days of home detention. If Calhoun seeks to

6  celebrate his son's birthday on August 22, 2025, the Court encourages him to submit a

7  pass request to the Location Monitoring Specialist.

8         Calhoun's motion to end the condition of home detention early is **DENIED**.

9         **IT IS SO ORDERED**.

10

11         Dated this 19th day of August, 2025.

12

13                                                   **BENJAMIN H. SETTLE**

14                                            United States District Judge

15

16

17

18

19

20

21

22