UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>DUNDRAY MONTERRIST CALHOUN,<br><br>               Defendant. | CASE NO. CR12-5203-BHS<br><br>ORDER |

     This matter is before the Court on defendant Dundray Monterrist Calhoun's motion to modify his conditions of supervised release to remove drug testing for marijuana, Dkt. 138.

     On June 4, 2013, the Court sentenced Calhoun to 132 months of custody and 4 years of supervised release following his guilty plea to possession of a firearm and possession of a firearm in furtherance of drug trafficking. Dkt. 51. One of the conditions of his release is to abstain from illegal drugs and alcohol and to submit to random urinalysis testing. Dkts. 51, 53. Calhoun began his supervised release in November 2021. Dkt. 52.

ORDER - 1

In February 2025, the Court revoked his supervision and imposed twelve months of supervised release for committing multiple release violations, including driving while license suspended in the third degree, driving without an ignition interlock device, failing to notify probation of law enforcement contact, and failing to submit to random urinalysis testing. Dkt. 110. Three months later, the Court found Calhoun guilty of driving with no ignition interlock device and driving with a suspended license in the third degree. Dkt. 124. The Court imposed 60 days of custody followed by a twelve-month term of supervised release. *Id.* This term began on August 25, 2025. Dkt. 137. Since November 2021, Calhoun has tested positive for marijuana four times, with the latest violation occurring in April 2025.

Calhoun moves to modify a condition of his supervision to remove drug screening for marijuana. Dkt. 138. He contends that taking prescription marijuana to treat his Post Traumatic Stress Disorder and long-term chronic pain would improve his progress towards rehabilitation. *Id.* He provides evidence that previous prescriptions for antidepressants caused severe side-effects, including a stroke, and that he followed the advice of his treating doctors to discontinue its use. *Id.* at 2; *see* Dkt. 140, Ex. A.

The Government opposes Calhoun's request, contending that the validity of Calhoun's marijuana prescription is questionable, as it appears to have been based entirely on self-reporting and without a physical exam. Dkt. 142 at 2. It asserts that Calhoun has not pursued any alternative strategies for addressing his mental health issues, including counseling. *Id.* at 1. The Government further argues that there is a safety concern in permitting Calhoun to use marijuana, emphasizing that Calhoun has a history

of driving while under the influence and violating other conditions of release. *Id.* at 2–3. The Government notes that marijuana possession is illegal under federal law. *Id.* at 3.

Probation also opposes Calhoun's request, contending that he is "self-medicating with cannabis." Dkt 141. It asserts that authorizing Calhoun's marijuana use, even if lawful, poses a threat to the community due to Calhoun's repeated driving violations.

The Court may modify conditions of supervised release pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure. The Court considers the person's background; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the guidelines and policy statements; sentence disparities; and the need to provide restitution for victims. *See* 18 U.S.C. § 3583(e) (referencing the factors in 18 U.S.C. § 3553(a) except the need for retribution, § 3553(a)(2)(A)).

The Court is sympathetic to the underlying reasons for Calhoun's motion. The Court commends Calhoun for pursuing mental health treatment through exercise, individual and group therapies, and other prescription medicine. However, the Court places significant weight on Calhoun's recent driving violations, including one for driving under the influence. When considering requests to modify, the Court considers compliance with conditions of supervised release as well as the risks to public safety. Moreover, marijuana remains illegal under federal law. *See* 21 U.S.C. §§ 844(a), 812, Schedule I(c)(17). With less than a year remaining on Calhoun's supervised release, the Court finds that modifying his conditions to remove a drug screening for marijuana is not warranted at this time.

1  It is hereby **ORDERED** that Calhoun's motion to modify his drug condition of supervised release is **DENIED**.

Dated this 29th day of October, 2025.

BENJAMIN H. SETTLE
United States District Judge